## SUPREME COURT.

SCHOOLCRAFT agt. THOMPSON.

SMITH and OTHERS agt. THOMPSON.

SMITH and OTHERS agt. THOMPSON.

A *statement* on confession of judgment without action (*Code*, § 383) was made as follows: "I do hereby confess judgment in this cause in favor of John L. Schoolcraft, for the sum of one thousand and twelve dollars and three cents, ($1012,03,) and authorize judgment to be entered therefor against me. This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: for goods, wares, and merchandise, sold and delivered to me by Messrs. Schoolcraft, Raymond, & Co., Albany, of which firm the plaintiff is a member; the goods were purchased by me in the years 1851 and 1852, and this judgment is confessed to said plaintiff, for the benefit of said firm of Schoolcraft, Raymond, & Co." Signed and verified by the defendant.

*Held*, that this was such a concise statement of the facts out of which the debt arose, as fully met the requirements of the statute. (*This decision reverses and overrules that made at special term and reported* 7 *How. Pr. R.* 446.)

*Seventh Judicial District, General Term, December,* 1853. Present, WELLES, STRONG, and JOHNSON, Justices. Appeal from order at special term setting aside the judgment in the first entitled cause as against the junior judgment creditors. (*See case reported* 7 *How. Pr. R.* 446.)

COLLINS & WILSON, *for Junior Creditors.*
CHAMBERLAIN & WOOD, *for Schoolcraft.*

By the Court—JOHNSON, Justice.—The judgment in favor of Schoolcraft was set aside at the special term upon the ground that the statute had not been complied with, in giving a statement of the facts out of which the indebtedness arose at the time of the confession, and as part of it. I find myself unable to concur with the learned justice who made the order at the special term in his view of the requirements of the statute. The terms of the statute are "a concise statement of the facts out of which it (the debt) arose." This could never have been intended to require a detailed statement of the transactions or dealings between the parties, or a bill of particulars. Under

the act of 21st April, 1818, which required a "*particular* state-ment and *specification* of the nature and consideration of the debt," to be signed by the party or his attorney, and filed with the confession; it was held that the statement must be as special and precise as a bill of particulars, and that nothing short of that would satisfy the language of the act. (Lawless agt. Hacket, 16 *John.* 149; Brinckerhoof agt. Marvin, 5 *John. ch.* 325.) In the latter case the chancellor remarks, that "all this accu mulation of words shows that something more was intended than the common counts in a declaration for *goods sold* and *work done.*" Had the legislature intended to require a statement of " the kinds of goods, wares, and merchandise, the qualities, the prices charged, the times, or near the times in the year when the purchases were made," as supposed by the learned justice, they would scarcely have expressed their intention in terms so brief and general. Such a statement, instead of being " a con-cise statement of the facts," would be a statement in detail, and nothing more nor less than a bill of particulars.

The facts out of which the indebtedness arose in this case, were the sales of goods, wares, and merchandise, by the plaint-iff, or the firm of which he was a member, to the defendant. These are all clearly and concisely stated, and the time within which they occurred, so that no one can possibly mistake the nature of the transactions out of which the indebtedness is alleged to have arisen. And this, I think, is all the statement of the facts out of which the indebtedness arose, which the statute now requires. The time and nature of the transaction, and the consideration of the indebtedness, in concise and gen-eral terms, must be sufficient, unless a bill of particulars is re-quired. We have here, 1. The amount of the debt confessed. 2. The allegation that it is a debt justly due. 3. That it was for goods, wares, and merchandise, sold and delivered to the defendant by the plaintiff's firm in the years 1851 and 1852; and, 4. The verification of the statement, by the oath of the de-fendant. This is in my opinion clearly sufficient. I agree with the justice at special term, that the general object and intent of the provision was to protect third persons from fraudulent judg-

ments, by furnishing them the means of detecting and defeating the fraudulent design. Hence, in addition to stating the amount of the indebtedness, and whether it was then due, or was thereafter to become due, and the facts concisely out of which it arose, the debtor is required to verify the statement by his oath. It is clear, I think, that all these provisions are not for the protection of the party confessing, but for that of his other creditors.

Under the act of 1818 the party was not required to verify his statement by his oath. The verification by the oath of the party obviates, in a great measure, the necessity of a *particular* statement and *specification*, and is a far more effectual safeguard against fraud. It is objected that the statement does not clearly and specifically allege that the whole amount for which judgment is confessed is due. That fact should clearly appear by the statement, and I am of opinion that it is stated with reasonable certainty in this case. The language admits of no other interpretation, than that the whole amount confessed is justly due. The verification is also sufficient. The distinction sought to be drawn between the confession and the statement is too narrow and technical to lay the foundation for setting aside a judgment. The order was not made at special term upon this ground. The confession embraces the whole statement upon which the judgment is entered. It is but a single instrument, and "the facts stated in the above confession" clearly refer to the facts which are stated as required by the Code to make it such a confession as to authorize the entry of a judgment upon it. I have no doubt whatever that a judgment entered up on confession in a manner not authorized by statute, may, and should be set aside, as fraudulent and void, as against subsequent judgments regularly obtained, upon application being made by the subsequent judgment creditors. It is true, that the Code does not declare such judgments void, as did the act of 1818, but the object and design of the provisions of the Code can be made effectual in no other way. There can be no doubt of the power of the court over its own judgments, when entered by confession without a compliance, substantially with the requirements of the statute. It is a power which courts have

always exercised in furtherance of justice and to prevent fraud. But as the statute was substantially complied with in this instance, the order setting aside the judgment was erroneous, and must be reversed.

WELLES, Justice, concurred; T. R. STRONG, Justice, dissented.